[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DISSOLUTION OF MARRIAGE
Having reviewed the evidence presented in this proceeding, as well as the case law and statutory criteria relative to dissolutions, including Conn. Gen. Stat. Secs. 46b-81, and 46b-82, the court makes the findings and enters the orders set out below.
I. FINDINGS CT Page 10583
Felicita Del Valle and Charles T. Montalbano were married on December 18, 1994 in Hamden, Connecticut. They do not have children from their marriage. They have lived in Connecticut at least twelve months prior to October 21, 1998 — the day on which this case was filed.
During the marriage plaintiff Felicita Montalbano was employed primarily in the social service sector. By formal education she has an Associates Degree in General Studies. Her positions included work in the intake-referral unit of a municipal welfare agency, and employment as a case manager for a center for women and families. Her earnings from these positions averaged about $24,000 annually. The court has been informed through an attachment to her post-trial brief that the plaintiff has taken a position which will pay her an annual salary of approximately $27,600 which the court finds as her earning capacity. She is 43 years of age.
Defendant Charles Montalbano is 48 years of age. He attended community college for one year. In 1996 the defendant had an angioplasty. He takes medication for high blood pressure. The defendant has worked in the automotive industry in Connecticut for many years. He reported earnings of $106,499 in 1996; $84,367 in 1997; and earnings of $73,947 in 1998. The defendant changed jobs, moved to New York, and had reduced income in 1999. He is presently employed in a fairly recent position as the finance manager of an automotive dealership known as Legend Nissan in New York. The defendant reports gross income of only $750.00 per week. The court finds that his earning capacity is at least $80,000 annually.
During the marriage the parties acquired an estate, including a residence at 24 White Hollow toad in Northford, Connecticut. In September of 1998 plaintiff Felicita Montalbano purchased a two-story house at 657 Clinton Avenue in Bridgeport, Connecticut. Considerable funds must be dedicated to the rehabilitation of the Bridgeport house. The parties' residence in Northford, Connecticut became the subject of a foreclosure action, filed in the Superior Court on June 16, 1999. Thereafter, because of the intervention of plaintiffs counsel in the foreclosure proceeding, the parties were able a sell the Northford property at a private sale. However, because of various financial obligations attached to the property they received no income from the sale.
The marriage of the parties has broken down irretrievably. In substantial part the cause of the breakdown was the intolerable cruelty of defendant Charles Montalbano toward plaintiff Felicita Montalbano.
II. DISSOLUTION OF MARRIAGE
Inasmuch as the marriage has broken down irretrievably, the marriage CT Page 10584 hereby is dissolved. Each party is now unmarried and single.
III. ORDERS REGARDING ASSETS AND LIABILITIES
A. Assets
 1] Real Property known as 657 Clinton Avenue, Bridgeport, Connecticut The court awards to plaintiff Felicita Montalbano the sole ownership and beneficial interest in the realty known as 657 Clinton Avenue in Bridgeport, Connecticut.
2] Other Assets not specifically assigned
 Each party shall have ownership of the other assets listed on her/his financial affidavit unless otherwise assigned by the court in this memorandum of decision.
B. Liabilities
 Defendant Charles Montalbano solely shall be responsible for all of the indebtedness, including the tax obligations, listed on his financial affidavit, and hold the plaintiff harmless therefrom.
 Plaintiff Felicita Montalbano solely shall be responsible for the indebtedness listed on her financial affidavit, and hold the defendant harmless therefrom.
IV. ASSIGNMENT OF PROPERTY
A. Boat
 Defendant Charles Montalbano shall have sole ownership of the 1987 pleasure boat bearing vessel number CT3821AH.
B. IRA Account at Paine Webber
 The court hereby assigns to plaintiff Felicita Montalbano $4,000.00 of the $6,623.63 in the IRA account (no. UN 37535 82) at the Paine Webber brokerage company. The remaining balance in the CT Page 10585 account is assigned to defendant Charles Montalbano. These monies shall be made available to the parties immediately.
V. ALIMONY
A. Lump Sum
 The court awards to plaintiff Felicita Montalbano $20,000 as lump-sum alimony. Said amount shall be paid at the rate of $75.00 per week, commencing on August
25, 2000.
B. Periodic Alimony
 Defendant Charles Montalbano shall pay to plaintiff Felicita Montalbano periodic alimony in the amount of $150.00 per week, commencing on August 25, 2000, and continuing through the week ending August 27, 2004. This payment will allow the plaintiff an opportunity to upgrade her employment skills through further education and training, and provide continuing financial assistance to her as she adjusts to a lower income level.
C. Pendente Lite Alimony Arrearage
 During the trial the parties stipulated that the pendente lite alimony arrearage is $1,950.00. If the arrearage has not been paid, the court orders the defendant to pay this arrearage at the rate of $10.00 per week, commencing on August 25, 2000.
VI. IMMEDIATE WAGE GARNISHMENT
The aforesaid orders for the payment of periodic and lump-sum alimony shall be secured by an immediate wage garnishment which defendant Charles Montalbano shall cooperate in immediately effecting. However, until the garnishment takes effect, he shall pay to the plaintiff all alimony amounts so ordered.
VII. LIFE INSURANCE
To the extent that group life insurance is provided to the defendant by CT Page 10586 his employer, the defendant shall name the plaintiff as the primary irrevocable beneficiary of an amount of life insurance equal to the value of the alimony payments ordered herein. The purpose of this order is to secure the payment of alimony. The defendant shall immediately provide the plaintiff with an authorization to verify the active status of the policy.
VII. COUNSEL FEES
Defendant Charles Montalbano shall pay to plaintiff's counsel in this case counsel fees in the amount of $1,000.00. Said fees shall be paid within 90 days of the date of this decision.
VI. RESTORATION OF MAIDEN NAME
The court hereby restores to the defendant her maiden name, to wit: Felicita Del Valle, by which she shall be known.
VII. TIME FOR EXECUTION
To the extent that the time of carrying out any of the orders of this case has not been specified, all such orders shall be carried out within 45 days hereof.
Clarance J. Jones